1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
**For the Northern District of California**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARON MIRON,                                No. C 14-0395 MEJ (PR)

        Plaintiff,                       **ORDER OF DISMISSAL WITH**
**LEAVE TO AMEND**

  v.

J. BEARD, et al.,

        Defendants.
_____/

## INTRODUCTION

     Plaintiff, California state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983.  He has been granted leave to proceed in forma pauperis in a separate order.  Based upon a review of the complaint pursuant to 28 U.S.C. § 1915A, it is dismissed with leave to amend.

## DISCUSSION

**A.**    **Standard of Review**

     Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

     Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." <u>Id.</u> at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

A review of Plaintiff's complaint demonstrates several deficiencies.  First, Plaintiff's allegations are unclear.  It appears that he is attempting to raise a claim of deliberate indifference to his serious medical needs because Plaintiff's statement of his claim makes reference to rather serious phrases.  For example, Plaintiff claims that all defendants are responsible for: "removal of body parts, i.e., gall bladder," "ripation of rectum area hemorrhoids," "back operation with failure to repair," "no cancer treatment," and so on.  These phrases by themselves are insufficient to state a cognizable claim.  Federal Rule of Civil Procedure 8(a) requires that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  "While a complaint . . . does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56, (2007) (citations omitted).  A complaint should be dismissed if it does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

In sum, Plaintiff should specifically state what happened, when it happened, what

United States District Court
For the Northern District of California

2

**United States District Court**
For the Northern District of California

each Defendant did, and how those actions or inactions rise to the level of a federal constitutional violation.  Without this basic information, the Plaintiff's case must be dismissed.  The amended complaint need not be long.  In fact, a brief and clear statement with regard to each claim listing each Defendant's actions regarding that claim is preferable.

In addition, the Court cannot ascertain who Plaintiff names as Defendants.  Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if a plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right.  *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013).  If Plaintiff chooses to amend his complaint, Plaintiff must "set forth specific facts as to each individual defendant's" actions which violated his rights.  *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

In sum, Plaintiff's allegations fail to state clearly what happened, and how the actions or inactions of any Defendant rise to the level of a federal constitutional violation.  The lack of detail prevents the Court from determining whether the claim deserves a response and from whom, and also prevents a Defendant from framing a response to the complaint. Plaintiff must specifically identify what each Defendant did or did not do in order to state a claim with regard to each separate claim.  Plaintiff must link individual Defendants to the allegations.  Plaintiff will be granted leave to amend to allege specifics.  The amended complaint need not be long.  In fact, a brief and clear statement with regard to each claim listing each Defendant's actions regarding that claim is preferable.  The complaint will be dismissed with to leave amend for Plaintiff to provide additional information if he can cure these deficiencies in good faith.

Accordingly, the complaint is DISMISSED with leave to amend.  Plaintiff will be provided with twenty-eight days in which to amend to correct the deficiencies in his complaint if he can do so in good faith.

**United States District Court**
For the Northern District of California

**CONCLUSION**

1.      Plaintiff's complaint is DISMISSED with leave to amend.

2.      If plaintiff can cure the pleading deficiencies described above, he shall file a AMENDED COMPLAINT within **twenty-eight (28)** days from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 14-0395 MEJ (PR)) and the words AMENDED COMPLAINT on the first page.  The amended complaint must indicate which specific, named defendant(s) was involved in each cause of action, what each defendant did, when it happened, what effect this had on Plaintiff, and what right Plaintiff alleges was violated.  If Plaintiff files an amended complaint, he must allege, in good faith, facts – not merely conclusions of law – that demonstrate that he is entitled to relief under the applicable federal statutes.  **Failure to file an amended complaint within twenty-eight days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.**

3.      Plaintiff is further advised that an amended complaint supersedes the original complaint.  Plaintiff may not incorporate material from the prior complaint by reference.

4.       It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: _____August 26, 2014_____          _____

                                                              Maria-Elena James
                                                              United States Magistrate Judge

4