UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARON MIRON,

    Plaintiff,

v.

J. BEARD, et al.,

    Defendants.
_____/

No. C 14-0395 MEJ (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff, an inmate at the California Health Care Facility, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. The Court identified various deficiencies in Plaintiff's complaint and dismissed it with leave to amend. Plaintiff then filed an amended complaint, which is now before the Court for review.

## DISCUSSION

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

**B.     Legal Claims**

The amended complaint fails to correct the deficiencies about which the Court previously warned Plaintiff.  Specifically, the amended complaint suffers from the same rambling incoherence as the initial complaint.  While there appears to be some allegation of deliberate indifference to serious medical needs, the basic contours of the claim, such as the dates, specific incidents, and the individual officials involved, cannot be discerned.   The amended complaint fails to allege "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Due to the Court's inability to understand the claim(s) being asserted in the amended complaint, the Court cannot determine whether the amended complaint cures any of the other problems identified in the order of dismissal with leave to amend.

Subsequent to filing his amended complaint, Plaintiff filed with the Court various exhibits, including California Correctional Health Care Services appeals forms and health care records, apparently as a way to explain his problem.  The Court will not read through exhibits to piece together a claim for a plaintiff who has not pled one.  The Court notes, however, that the exhibits address medical complaints at Ironwood State Prison, where Plaintiff was previously incarcerated, as well as medical procedures Plaintiff received at hospitals in Riverside, California and Blythe, California.  To the extent Plaintiff's allegations arise out of events at Ironwood State Prison and/or the aforementioned hospitals, the claims arose in Riverside County, which lies within the venue of the Central District of California, and must be brought in that district.  The Court also notes that Plaintiff was incarcerated at California State Prison – Solano ("CSP–Sol") at the time he filed this action and that Plaintiff is now incarcerated at the California Health Care Facility ("CHCF").  CSP–Sol is located in Solano County and CHCF is located in San Joaquin County, both of which lie within the venue of the Eastern District of California.  To the extent Plaintiff's claims arise out of events occurring at CSP–Sol and/or CHCF, they must be brought in the Eastern District.

2

**CONCLUSION**

For the foregoing reasons, this case is DISMISSED. Further leave to amend will not be granted because the Court already has explained to Plaintiff the specific deficiencies in his pleadings, and he has been unable or unwilling to correct them. However, dismissal is without prejudice to filing a new action in the appropriate district.

The Clerk is directed to enter judgment and close the file.

IT IS SO ORDERED.

DATED: December 18, 2014

Maria-Elena James
United States Magistrate Judge